1
2
3
4
5
6                   **UNITED STATES DISTRICT COURT**
7                          **DISTRICT OF NEVADA**
8
9    MICHAEL L. SMITH,
           *Petitioner*,                              3:13-cv-00246-RCJ-WGC
10
     vs.
11
                                                      ORDER
12   RENEE BAKER, et al.,
13         *Respondents*.
14
15        This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed a
16   counseled first amended petition (ECF #9). Before the court is respondents' motion to dismiss (ECF
17   #25). Petitioner has opposed the motion (ECF #28), and respondents replied (ECF #30).
18   **I. Procedural History and Background**
19        On June 8, 2009, the jury trial of petitioner Michael L. Smith ("petitioner") and his co-defendant
20   on nine counts including robbery and first-degree murder commenced (exhibits to first amended
21   petition, ECF #9, exhs. 87, 89).[1] On June 18, 2009, the jury found petitioner guilty of all counts with
22   the exception of count 8 where the jury found him guilty of battery instead of attempted murder. Exh.
23   105. On July 30, 2009, petitioner was sentenced as follows: count 1: conspiracy to commit robbery -
24   16 to 72 months, consecutive to case numbers C238184, C237933, and C237881; count 2: robbery -
25   40 to 180 months, concurrent with count 1; count 3: conspiracy to commit robbery - 16 to 72 months,
26   consecutive to count 2; count 4: battery with intent to commit a crime - 26 to 120 months, concurrent
27   _____
28        [1] All exhibits referenced in this order are exhibits to the amended petition, ECF #9, and are found at ECF #s 10-19.

1    with count 3: count 5: robbery, victim 60 years of age or older - 40 to 180 months plus an equal and

2    consecutive term for a weapon enhancement, concurrent with count 4; count 6: robbery, victim 60 years

3    of age or older - 40 to 180 months plus an equal and consecutive term for a weapon enhancement,

4    consecutive count 5; count 7: first-degree murder, victim 60 years of age or older - life without the

5    possibility of parole, plus an equal and consecutive term, consecutive to count 6; count 8: battery - 6

6    months in Clark County Detention Center, consecutive to count 6; count 9: possession of a stolen

7    vehicle - 26 to 120 months, consecutive to count 7.  Judgment of conviction was entered on August 6,

8    2009.  Exh. 120.  An amended judgment of conviction was filed on October 13, 2009 to correct the

9    relevant enhancements from weapon to age enhancements.  Exh. 129.

10          Petitioner appealed, and the Nevada Supreme Court affirmed his convictions on January 13,

11   2011.  Exh. 149.  Remittitur issued on February 5, 2011.  Exh. 150.

12          On July 20, 2011, petitioner filed his state postconviction petition for writ of habeas corpus.

13   Exhs. 157, 161.  The Nevada Supreme Court affirmed the state district court's denial of the petition on

14   December 12, 2012, and remittitur issued on January 7, 2013.  Exhs. 193, 199.

15          Petitioner dispatched his federal petition for writ of habeas corpus on April 29, 2013 (ECF #5).

16   Through counsel, petitioner filed an amended petition on October 18, 2013 (ECF #9).  Respondents

17   argue that the petition should be dismissed because several grounds are unexhausted and/or are

18   procedurally barred.

19   **II.  Legal Standards**

20          **A.  Exhaustion**

21          A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

22   exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28

23   U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims

24   before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844

25   (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the

26   petitioner has given the highest available state court the opportunity to consider the claim through direct

27   appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004);

28   *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

1    A habeas petitioner must "present the state courts with the same claim he urges upon the federal

2    court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim,

3    not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v.*

4    *Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).   To achieve

5    exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the

6    United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

7    federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106

8    (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to

9    potential litigants: before you bring any claims to federal court, be sure that you first have taken each

10   one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S.

11   509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal

12   protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195

13   F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies

14   federal constitutional principles will suffice.  *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003)

15   (en banc).

16   A claim is not exhausted unless the petitioner has presented to the state court the same operative

17   facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. Of*

18   *Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the

19   petitioner presents to the federal court facts or evidence which place the claim in a significantly different

20   posture than it was in the state courts, or where different facts are presented at the federal level to

21   support the same theory.  *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v.*

22   *Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev.

23   1984).

24   **B.  Procedural Bar**

25   "Procedural default" refers to the situation where a petitioner in fact presented a claim to the

26   state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.

27   A federal court will not review a claim for habeas corpus relief if the decision of the state court

28   regarding that claim rested on a state law ground that is independent of the federal question and

1    adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

2         The *Coleman* Court stated the effect of a procedural default, as follows:

3         In all cases in which a state prisoner has defaulted his federal claims in
          state court pursuant to an independent and adequate state procedural rule,
4         federal habeas review of the claims is barred unless the prisoner can
          demonstrate cause for the default and actual prejudice as a result of the
5         alleged violation of federal law, or demonstrate that failure to consider
          the claims will result in a fundamental miscarriage of justice.
6
     *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural
7
     default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal
8
     habeas cases.  *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).
9
          To demonstrate cause for a procedural default, the petitioner must be able to "show that some
10
     *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.
11
     *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have
12
     prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).
13
     **III.  Relevant Grounds in Instant Amended Petition**
14
          Petitioner sets forth twelve grounds for relief in his amended petition (ECF #9, pp. 10-35).
15
     Respondents argue that all grounds except grounds 7 and 12 are unexhausted or procedurally barred
16
     (ECF #25, pp. 10-27).
17
          **Ground 1**
18
          In ground 1 of the federal petition, petitioner alleges that the trial court erred in refusing to sever
19
     petitioner's trial from his co-defendant's trial in violation of his Fifth, Sixth and Fourteenth Amendment
20
     rights to a fair trial, confrontation, to present a defense, to be proven guilty beyond a reasonable doubt,
21
     and due process (ECF #9, pp. 10-16).
22
          Respondents argue that ground 1 is procedurally barred by the contemporaneous objection rule,
23
     NRS 34.810, and the law of the case (ECF #25, pp. 11-15).
24
          This court concludes that petitioner fairly presented the claims raised herein as federal ground
25
     1 in his direct appeal.  Contrary to respondents' arguments, petitioner raised the broader error of
26
     refusing to sever the trials as well as the more specific sub-claim that such failure to sever allowed the
27
     prosecution to ask leading questions on direct examination.  *See* exh. 144, pp.
28

1    Respondents also argue that the Nevada Supreme Court declined to consider the leading-

2    questions issue because petitioner failed to object to the leading questions at trial (ECF #25, p. 12-13).

3    They assert that this court should dismiss at least this portion of federal ground 1 as procedurally barred

4    under the contemporaneous-objection rule. *Id*. at 13.  This court rejects respondents' contention

5    because, while the Nevada Supreme Court noted in its order of affirmance that "[f]ailure to object

6    during trial generally precludes appellate review unless it rises to the level of plain error that affects

7    substantial rights," it went on to consider whether substantial rights were implicated. Exh. 149, pp. 5-6.

8         Here, we conclude that any prejudice that may have resulted from the leading
          questions did not rise to the level of affecting [petitioner's] substantial rights.  In fact,
9         the district court allowed leading questions to the benefit of both [petitioner] and his
          codefendant.  Therefore, we reject [petitioner's] claim.

10   *Id*.

11   Accordingly, this court concludes that federal ground 1 is exhausted and is not procedurally

12   barred.

13   **Ground 2**

14   In ground 2 of the federal petition, petitioner alleges that the admission of his co-defendant's

15   statements at the joint trial violated petitioner's Sixth and Fourteenth Amendment rights to

16   confrontation (ECF #9, pp. 16-17).  Petitioner points out the he raised this claim in grounds 4 and 5 of

17   his state postconviction petition.  Exh. 161

18   Respondents argue that this claim should be dismissed as procedurally barred.  In its order

19   affirming the denial of petitioner's state postconviction petition, the Nevada Supreme Court clearly and

20   expressly invoked NRS 34.810(1)(b) when it stated that "[t]o the extent that appellant raised any claims

21   independently from his claim of ineffective assistance of counsel, those claims were waived as they

22   could have been raised on direct appeal and [petitioner] has failed to demonstrate good cause and actual

23   prejudice for his failure to do so."  Exh. 193, p. 6, n.4 (citing NRS 34.810(1)(b)).  Federal ground 2 is

24   a substantive claim, not an ineffective assistance of counsel claim.  Respondents contend that the state

25   statute is an independent and adequate state law basis that bars this claim from review in this federal

26   habeas proceeding.

27   Under Nevada law, the state district court shall dismiss a state postconviction claim that could

28   have been raised in a direct appeal or a prior postconviction petition.  NRS 34.810(1)(b).  Petitioner

1    bears the burden of proving good cause for his failure to present the claim and of proving actual

2    prejudice.  NRS 34.810(3).  The Nevada Supreme Court explicitly relied on this procedural bar when

3    it declined to review the claims of the state habeas petition that correspond to federal ground 2.  Exh.

4    193, p. 6, n.4.  The Ninth Circuit Court of Appeals has held that, at least in non-capital cases,

5    application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate

6    state ground.  *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179

7    F.3d 1207, 1210-12 (9th Cir. 1999).

8            Therefore, this court finds that the Nevada Supreme Court's holding that federal ground 2 was

9    procedurally barred under NRS 34.810(1)(b) was an independent and adequate ground for the court's

10   dismissal of that ground in the state petition.  Petitioner argues in his opposition to the motion to

11   dismiss that the claim was actually raised on direct appeal (ECF #28, pp. 8-10).  This court has

12   reviewed the record and determines that this contention lacks merit.  Federal ground 2, accordingly, is

13   dismissed as procedurally barred.

14           **Ground 3**

15           In ground 3 of his federal petition, petitioner contends that the State presented a police

16   detective's false and highly prejudicial testimony in violation of his Fifth, Sixth, and Fourteenth

17   Amendment rights to due process and a fair trial (ECF #9, pp. 18-21).

18           Having reviewed the state-court proceedings, this court concludes that petitioner fairly presented

19   federal ground 3 in his state postconviction petition.  Exh. 161, pp. 19-20.  Accordingly, ground 3 is

20   exhausted.

21           Respondents next argue that even if ground 3 is exhausted it is procedurally defaulted (ECF #25,

22   p. 18).  They point again to where, in affirming the denial of the state petition, the Nevada Supreme

23   Court stated in a footnote that any claims other than ineffective assistance of counsel claims raised in

24   the petition were waived pursuant to NRS 34.810 (ECF #25, p. 18; Exh. 193, p. 6, n.4).  Petitioner notes

25   that he also raised a claim of ineffective assistance of appellate counsel for failing to argue on appeal

26   that the false and highly prejudicial testimony violated petitioner's constitutional rights in his state

27   postconviction petition.  He argues that federal ground 3 was not procedurally defaulted at the state

28   level because the Nevada Supreme Court adjudicated the ineffective assistance of counsel claim and

1   determined "that [petitioner's] appellate counsel failed to argue that the prosecutor misstated evidence

2   about appellant's procuring stolen vehicles and committed perjury."  Exh. 193, p. 10.  That court

3   concluded that petitioner had failed to demonstrate that his counsel's performance was deficient or that

4   this issue would have had a reasonable likelihood of success on appeal, determining that: "[t]he

5   prosecutor's statements regarding the stolen vehicles were supported by the testimony of the detective.

6   To the extent that [petitioner] claimed that the prosecutor suborned perjuy, [petitioner] failed to

7   demonstrate that the detective . . . committed perjury."  *Id*.

8         Petitioner's argument–unsupported by any legal citation–is unavailing.  As discussed above with

9   respect to federal ground 2 the Nevada Supreme Court explicitly relied on NRS 34.810(1)(b), which

10  is an independent and adequate state ground, when it declined to review the claims of the state habeas

11  petition that correspond to federal ground 3.  Exh. 193, p. 6, n.4.

12        Accordingly, federal ground 3 is procedurally defaulted.  Petitioner offers no argument that

13  cause existed for the default and that actual prejudice resulted, nor does he argue that failure to consider

14  the claims will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750.

15  **Ground 4**

16        In ground 4 of the federal petition, petitioner claims that he was denied his Fifth, Sixth, and

17  Fourteenth Amendment rights when the trial court denied a mistrial after highly prejudicial and

18  irrelevant testimony (ECF #9, pp. 22-23).  A third defendant had entered into a guilty plea agreement

19  prior to trial, and this claim pertains to testimony by that third defendant's girlfriend.  *Id*.

20        Petitioner acknowledges that this claim was raised for the first time in the state postconviction

21  petition (ECF # 9, p. 9; ECF #28, pp. 16-17; Exh. 161, p. 21).  As with federal ground 3, he contends

22  that because the Nevada Supreme Court considered his related ineffective assistance of counsel claim

23  that it also necessarily considered the substantive claim set forth here.  As with federal ground 3,

24  petitioner's argument is unavailing.  The Nevada Supreme Court explicitly relied on NRS 34.810(1)(b),

25  which is an independent and adequate state ground, when it declined, pursuant to NRS 34.810(1)(b),

26  to review all claims in the state habeas petition that were not ineffective of assistance of counsel claims

27  as waived because they could have been raised on direct appeal and petitioner failed to demonstrate

28  good cause and actual prejudice for his failure to do so.  Exh. 193, p. 6, n.4.

1        Accordingly, federal ground 4 is procedurally defaulted.  Again, petitioner offers no argument

2  that  cause existed for the default and that actual prejudice resulted, nor does he argue that failure to

3  consider the claims will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750.

4       **Ground 5**

5        In federal ground 5, petitioner alleges a violation of his Fifth and Fourteenth Amendment rights

6  to due process because no rational jury could have concluded beyond a reasonable doubt that he was

7  guilty on the insufficient evidence presented at trial (ECF #9, pp. 13-24).

8        Here again, petitioner acknowledges that this claim was raised for the first time in the state

9  postconviction petition (ECF # 9 p. 9; ECF #28, p. 17; Exh. 161, p. 18).  As with federal grounds 3 and

10  4, he contends that because the Nevada Supreme Court considered his related ineffective assistance of

11  counsel claim that it also necessarily considered the substantive claim set forth here.  However, as

12  above, the Nevada Supreme Court explicitly relied on NRS 34.810(1)(b), which is an independent and

13  adequate state ground, when it declined to review all claims in the state habeas petition that were not

14  ineffective of assistance of counsel claims.  Exh. 193, p. 6, n.4.

15        Accordingly, federal ground 5 is procedurally defaulted.  Again, petitioner offers no argument

16  that  cause existed for the default and that actual prejudice resulted, nor does he argue that failure to

17  consider the claims will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750.

18       **Ground 6**

19        In federal ground 6, petitioner asserts a violation of his Fifth, Sixth, and Fourteenth Amendment

20  rights to due process and a fair trial because the State withheld from the defense exculpatory

21  information about the third defendant's plea deal and misrepresented the terms of that plea agreement

22  to the jury (ECF #9, pp. 24-26).  Petitioner acknowledges that this claim is unexhausted.

23       **Ground 8**

24        In federal ground 8, petitioner claims that his Fifth and Fourteenth Amendment rights to

25  protection from self-incrimination were violated when he was subjected to a custodial interview without

26  being properly advised of his *Miranda* rights (ECF #9, p. 29).

27        Here again, petitioner acknowledges that this claim was raised for the first time in the state

28  postconviction petition (ECF # 9 p. 9; ECF #28, pp. 18-19; Exh. 161, p. 15).  As with federal grounds

3, 4, and 5 he contends that because the Nevada Supreme Court considered his related ineffective assistance of counsel claim that it also necessarily considered the substantive claim set forth here. However, as above, the Nevada Supreme Court explicitly relied on NRS 34.810(1)(b), which is an independent and adequate state ground, when it declined to review all claims in the state habeas petition that were not ineffective of assistance of counsel claims. Exh. 193, p. 6, n.4.

Accordingly, federal ground 8 is procedurally defaulted. Again, petitioner offers no argument that cause existed for the default and that actual prejudice resulted, nor does he argue that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

**Ground 9**

In federal ground 9, petitioner contends that his Fifth, Sixth, and Fourteenth Amendment rights to a fair trial and due process were violated when the prosecutor improperly introduced prejudicial and irrelevant information about the victim (ECF #9, p. 30).

Respondents point out that the claim that petitioner presented in his direct appeal was that his constitutional rights were violated when irrelevant and highly prejudicial evidence was admitted at his trial (ECF #25, p. 22; Exh. 144, pp. 31-32). Thus, respondents argue that the federal claim is unexhausted (ECF #25, p. 22). Petitioner contends that the difference between asserting an error by the court and prosecutorial misconduct is merely a "linguistic change" (ECF #28, p. 29). This court disagrees. Federal ground 9 presents a different legal theory than that presented on petitioner's direct appeal. Accordingly, federal ground 9 is unexhausted.

**Ground 10**

In federal ground 10, petitioner asserts that his trial counsel rendered ineffective assistance of counsel in violation of his Fifth, Sixth and Fourteenth Amendment rights when he failed to raise, preserve and litigate the issues raised in grounds 1 through 9 of the federal petition (ECF #9, pp. 31-34).

The first amended petition is not a model of clarity with respect to what ineffective assistance of trial counsel claims petitioner seeks to raise in federal court. Nevertheless, the court has extensively reviewed the briefing here, petitioner's state postconviction petition and the Nevada Supreme Court's order affirming the denial of the petition. This court concludes that the following ineffective assistance of trial counsel claims were argued to the Nevada Supreme Court and are therefore exhausted:

1         a) trial counsel failed to file a motion to suppress petitioner's statements to homicide detectives;

2         b) trial counsel failed to object to numerous misstatements of facts not in evidence by the

3    prosecutor;

4         c) trial counsel failed to present facts that the stolen cellphone that was not recovered was traced

5    to an apartment occupied by petitioner's codefendant.  Exh. 161, pp. 14, Exh. 193.

6         All other ineffective assistance of trial counsel claims in federal ground 10 are unexhausted.

7    **Ground 11**

8         Petitioner claims in federal ground 11 that appellate counsel rendered ineffective assistance in

9    violation of his Fifth, Sixth, and Fourteenth Amendment rights in failing to raise the claims set forth

10   as grounds 1 through 9 of the federal petition (ECF #9, pp. 34).

11        In his state postconviction petition, petitioner raised the following claims of ineffective

12   assistance of appellate counsel:

13        a) appellate counsel failed to argue that petitioner's statements were obtained without a knowing

14   and intelligent waiver;

15        b) appellate counsel failed to argue that the denial of the motion to sever prevented petitioner

16   from confronting and cross-examining his codefendant and allowed the codefendant's redacted

17   confession to be presented to the jury;

18        c) appellate counsel failed to argue that insufficient evidence supported the convictions;

19        d) appellate counsel failed to argue that the prosecutor misstated the evidence about petitioner

20   procuring stolen vehicles and committed perjury;

21        e) appellate counsel failed to argue that the district court erred in denying a motion for a mistrial

22   based on the testimony of the former third defendant's girlfriend's testimony that she did not come

23   forward earlier because was afraid petitioner and his codefendant would harm the former third

24   defendant's family;

25        f) appellate counsel failed to supply petitioner with transcripts and investigate and prepare for

26   the direct appeal.  Exhs. 161, 193.

27        Comparing the claims raised in state proceedings with the federal petition, the following

28   portions of ground 11 are exhausted:

1  ineffective assistance of appellate counsel in failing to argue the claims raised in federal grounds

2  2, 3, 4, 5, and 8. All other ineffective assistance of appellate counsel claims set forth in federal ground

3  11 are unexhausted.

4  **IV.  Petitioner's Options Regarding Unexhausted Claims**

5  A federal court may not entertain a habeas petition unless the petitioner has exhausted available

6  and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S.

7  509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to

8  dismissal. *Id.* In the instant case, the court finds that (a) ground 1 is exhausted; (b) grounds 2, 3, 4, 5,

9  and 8 are dismissed as procedurally barred; (c) grounds 6 and 9 are unexhausted; and (d) grounds 10

10  and 11 are partially exhausted as set forth in this order. Because the court finds that the petition is a

11  "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

12        1.  He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claim;

13

14        2.  He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

15        3.  He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

16

17  With respect to the third option, a district court has discretion to stay a petition that it

18  may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005).

19  The *Rhines* Court stated:

20        [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

21

22

23

24

25  Rhines, 544 U.S. at 277.

26  Accordingly, if petitioner files a motion for stay and abeyance, he would be required to show

27  good cause for his failure to exhaust his unexhausted claims in state court, and to present argument

28  regarding the question whether or not his unexhausted claims are plainly meritless. Respondent would

1    then be granted an opportunity to respond, and petitioner to reply.

2           Petitioner's failure to choose any of the three options listed above, or seek other appropriate

3    relief from this court, will result in his federal habeas petition being dismissed.  Petitioner is advised

4    to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28

5    U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever

6    choice he makes regarding his petition.

7    **V. Conclusion**

8           **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF #25) is

9    **GRANTED** in part as follows:

10          1. Ground 1 is **EXHAUSTED**.

11          2. Grounds 2, 3, 4, 5, and 8 are **DISMISSED** as procedurally barred.

12          3.  The following ineffective assistance of trial counsel claims in ground 10: a) trial counsel

13   failed to file a motion to suppress petitioner's statements to homicide detectives; b) trial counsel failed

14   to object to numerous misstatements of facts not in evidence by the prosecutor; and c) trial counsel

15   failed to present facts that the stolen cellphone that was not recovered was traced to an apartment

16   occupied by petitioner's codefendant are **EXHAUSTED**.  All other ineffective assistance of trial

17   counsel claims in ground 10 are **UNEXHAUSTED**.

18          4.  The claims in ground 11 of ineffective assistance of appellate counsel in failing to argue the

19   claims raised in federal grounds 2, 3, 4, 5, and 8 are **EXHAUSTED**.  All other ineffective assistance

20   of appellate counsel claims set forth in federal ground 11 are **UNEXHAUSTED**.

21          5.  Grounds 6 and 9 are **UNEXHAUSTED**.

22          **IT IS FURTHER ORDERED** that petitioner, through counsel, shall have **thirty (30) days** to

23   either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the

24   unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR**

25   **(2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in

26   order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and

27   abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to

28   exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek

other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 25th day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE