UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL L. SMITH,

Petitioner,

v.

RENEE BAKER, et al.,

Respondents.

Case No. 3:13-cv-00246-RCJ-WGC

ORDER

Before the court is respondents' motion to dismiss certain grounds in Michael L. Smith's 28 U.S.C. § 2254 habeas corpus petition because they are unexhausted, procedurally barred, or fail to state a cognizable claim (ECF No. 52). Smith opposed the motion, and respondents replied (ECF Nos. 74, 80). As discussed below, the motion is granted in part.

**I.   Background & Procedural History**

A grand jury indicted Smith, along with Adrian McKnight and Ronnie Antonio Gibson, on two counts conspiracy to commit robbery, one count robbery, one count battery with intent to commit a crime, two counts robbery with victim 60 years of age or older, one count murder, one count attempted murder, and one count possession of stolen vehicle (exhibits 5, 6).[1] The charges stemmed from two separate robberies committed on or about May 29, 2007, that resulted in the death of one of the elderly victims. *Id.* In June 2009, a jury convicted Smith of all charges, with the exception of

---

[1] Exhibits 1-208 are found at ECF Nos. 10-19.  Exhibits 224-306 are found at ECF Nos. 53-68.

1

finding Smith guilty of battery instead of attempted murder. Exh. 105. The state district court sentenced Smith to two consecutive life sentences without the possibility of parole. Exh. 120. Judgment of conviction was filed on August 6, 2009. Exh. 120.

The Nevada Supreme Court affirmed Smith's convictions. Exh. 149. After conducting an evidentiary hearing on his state postconviction habeas corpus petition, the state district court denied the petition. Exh. 172. The Nevada Supreme Court affirmed the denial of the petition on December 12, 2012. Exh. 193.

Smith dispatched his federal habeas corpus petition for filing in April 2013 (ECF No. 5). This court granted his motion for appointment of counsel (ECF No. 4). Smith filed a counseled first-amended petition and a motion for stay and abeyance, which this court granted (ECF Nos. 9, 34, 39). The case was stayed while Smith litigated his second state postconviction petition. Exhs. 282, 287, 290, 298. On April 11, 2018, the Nevada Court of Appeals affirmed the denial of his second state postconviction petition. Exh. 303. In July 2018, Smith filed a motion to reopen the case and a second-amended petition (ECF Nos. 41, 44). Respondents now move to dismiss certain claims in the second-amended petition as unexhausted, procedurally barred, or noncognizable in federal habeas corpus (ECF No. 52).

## II.    Legal Standards & Analysis

### a. Exhaustion

Respondents argue that ground 1 and grounds 10 and 11 in part are unexhausted. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*,

386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

Smith contends in ground 1 of his second-amended petition that the trial court erred in refusing to sever his trial from that of his co-defendant (ECF No. 44, pp. 14-21). This court has already ruled that ground 1 is exhausted (*see* ECF No. 33, pp. 4-5).

Respondents also argue that certain subparts of grounds 10 and 11 are unexhausted (ECF No. 52, pp. 12-13). Those subparts were presented in earlier operative petitions, but Smith does not present them in his second-amended petition (*see* ECF No. 44, pp. 27-42).

### b. Procedural Default

Next, respondents argue that grounds 6, 9 and parts of grounds 10 and 11 are procedurally defaulted (ECF No. 52, pp. 13-15). 28 U.S.C. § 2254(d) provides that this court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Id.*

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

3

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

To demonstrate a fundamental miscarriage of justice, a petitioner must show the constitutional error complained of probably resulted in the conviction of an actually innocent person. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This is a narrow exception, and it is reserved for extraordinary cases only. *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome a procedural default. *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

Here, Smith presented the claims discussed below – federal grounds 6, 9 and parts of 10 – to the Nevada Court of Appeals in his appeal of the denial of his second state postconviction petition. Exhs. 221, 229. The Nevada Court of Appeals affirmed the denial of the petition as procedurally barred because it was untimely and successive. Exh. 303; NRS 34.810(1)(b)(2); NRS 34.810(2). Petitioner bears the burden of proving good cause for his failure to present the claim and actual prejudice. NRS 34.810(3). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Therefore, the Nevada Court of Appeal's determination that these federal grounds were procedurally barred under NRS 34.810(1)(b) was an independent and adequate ground to affirm the denial of the claims in the state petition.

**Ground 6**

Smith contends that the State concealed material exculpatory information about codefendant Gibson's plea deal and misrepresented the terms of the plea agreement to the jury in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and Smith's Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial (ECF No. 44, pp. 21-23).

Smith urges that he can demonstrate good cause and actual prejudice to excuse the procedural default of ground 6 (ECF No. 74, pp. 6-17). He argues that the State's failure to disclose material, exculpatory evidence about the plea deal with co-defendant Gibson itself provides good cause. The state has an affirmative duty to disclose material exculpatory evidence to the defense, with or without a specific request by the defense. *Strickler v. Greene*, 527 U.S. 263, 280 (1999), citing *United States v. Agurs*, 427 U.S. 97, 107 (1976). Even more fundamentally, the state has a duty to not allow false evidence "to go uncorrected," *Napue v. Illinois*, 360 U.S. 264, 269-270 (1959), and to not present false evidence. *Giglio v. U.S.*, 405 U.S. 150, 153 (1972). Smith argues that the State failed to disclose and misrepresented the plea deal with Gibson.

The plea agreement, as it was presented at the June 2009 trial, reduced Gibson's first-degree murder charge to voluntary manslaughter. Exhs. 64-66. The plea agreement stated that Gibson's sentences could be run concurrently or consecutively. When Gibson entered his plea, however, his counsel informed the court that the State had agreed not to oppose concurrent time for the three offenses. Exh. 64, pp. 4-6. Defense counsel elicited testimony from Gibson that he was eligible for probation, but Gibson did not say that the State had promised to recommend probation. Exh. 92, pp. 106-109. On redirect, the prosecutor elicited testimony from Gibson that Gibson was

actually endangering himself by serving as a "snitch" and that Gibson could still potentially serve 31 years in prison. *Id.* at 226-228.

Smith was ultimately sentenced to two consecutive terms of life without the possibility of parole, and judgment of conviction was filed in August 2009. Exh. 120. Smith filed his appellate brief with the Nevada Supreme Court on March 31, 2010. Exh. 144. Subsequently, on May 13, 2010, Gibson was sentenced to what amounted to a term of 57 to 252 months. Exh. 146. The state district court suspended his sentence and imposed probation not to exceed 5 years. *Id*. The State apparently maintains that this much more lenient sentence was due to the strength of letters of support that the court received on Gibson's behalf. *See* exh. 285, pp. 10-12. Smith's theory is that Gibson's testimony was conditioned on some additional agreement that was not disclosed to the defense or the jury. He alleges that the additional, undisclosed agreement must have included the State's recommendation that Gibson receive probation instead of prison time.

In affirming the denial of Smith's second state postconviction petition as time-barred and successive, the Nevada Court of Appeals held that Smith failed to establish that the State withheld evidence of a further plea agreement with Gibson, let alone the existence of such evidence. Exh. 303, p. 3, citing *State v. Huebler*, 275 P.3d 91, 94-95 (Nev. 2012)(discussing the relationship between good cause for an untimely habeas petition and the test for a claim raised under *Brady v. Maryland*). The court also pointed out that the basis for Smith's argument had been available since Gibson was sentenced in May 2010, and he did not explain why he could not have raised this argument in his first state postconviction petition, which he filed in July 2011. *Id.*

Smith has not shown that an impediment external to the defense prevented him from timely filing this claim. Ground 6 is therefore dismissed as procedurally barred.

**Ground 9**

Smith argues that the prosecutor improperly introduced prejudicial and irrelevant information about the victim in violation of Smith's Fifth, Sixth, and Fourteenth

6

Amendment rights to a fair trial and due process (ECF No. 44, pp. 26-27; ECF No. 52, pp. 13-15).

Smith urges that he can demonstrate good cause and actual prejudice to excuse the procedural default of ground 9 (ECF No. 74, pp. 6-17). He argues three bases: 1) the state improperly interfered with the appointment of counsel; 2) the court erred when it denied Smith the appointment of counsel; and 3) the State failed to comply with its duties to provide exculpatory information. *Id.* at 6. None of these provide cause here. This claim was known to Smith when the allegedly improper evidence was elicited at trial, and Smith was required to raise it on direct appeal. The denial of counsel to litigate his first state postconviction petition had no bearing on his ability to raise this claim on direct appeal. Finally, the allegedly exculpatory information regarding Gibson's plea deal also had no bearing on this claim that the prosecutor improperly introduced prejudicial and irrelevant information at trial. Smith has failed to demonstrate an impediment external to the defense prevented him from timely filing this claim. He has not demonstrated cause for his failure to timely raise federal ground 9. Therefore, it is dismissed as procedurally defaulted.

**Ground 10**

Respondents contend that certain trial counsel IAC claims are procedurally defaulted (ECF No. 52, pp. 13-15). They challenge the following claims of trial counsel IAC in ground 10 of Smith's second-amended petition:[2]

Ground 10(1): counsel failed to object to leading questions asked of Detective Jensen as part of the State's attempt to avoid confrontation clause issues during the joint trial (ECF No. 44, p. 28);

Ground 10(2): counsel failed to seek a specific instruction that the jury disregard the statement of McKnight for purposes of determining Smith's guilt (*id.*);

Ground 10(3): counsel failed to remedy the State's misleading testimony and statements in closing argument by introducing the transcript of the statement that Smith

---

[2] The court follows petitioner's numbering of his claims in the second-amended petition.

7

gave to the police. To the extent the trial court barred him from doing so, counsel was ineffective for failing to challenge any such ruling (*id.*).[3]

Smith insists that he can show cause and prejudice to excuse the procedural default of these trial IAC claims pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), which held that the failure of a court to appoint counsel, or the ineffective assistance of counsel in a state postconviction proceeding, may establish cause to overcome a procedural default in specific, narrowly-defined circumstances. The Court in *Coleman* held that ineffective assistance of counsel in postconviction proceedings does not establish cause for the procedural default of a claim. *Coleman*, 501 U.S. at 750. In *Martinez*, the Court established a "narrow exception" to that rule. The Court explained that,

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17.

In *Clabourne v. Ryan*, 745 F.3d 362 (9th Cir. 2014), the Ninth Circuit provided guidelines for applying *Martinez*, summarizing the analysis as follows:

> To demonstrate cause and prejudice sufficient to excuse the procedural default, therefore, *Martinez* . . . require[s] that Clabourne make two showings. First, to establish "cause," he must establish that his counsel in the state postconviction proceeding was ineffective under the standards of *Strickland [v. Washington*, 466 U.S. 668 (1984)]. *Strickland*, in turn, requires him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different. Second, to establish "prejudice," he must establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."

*Clabourne*, 745 F.3d at 377 (citations omitted).

---

[3] Respondents also argue that a fourth trial counsel IAC claim is procedurally barred, but that claim is not presented in the second-amended petition (*see* ECF No. 52, p. 13; ECF No. 44, pp. 27-31).

8

Here, Smith lacked counsel in his first state postconviction petition, thus he can establish cause under *Martinez*. The prejudice analysis with respect to these claims is intertwined, to a large extent, with the analysis of the underlying merit of the claim. Moreover, the substantive claims of trial error underlying these IAC claims are also before the court for resolution on the merits. As such, the court will defer ruling on the *Martinez* issue until the merits of the claims are briefed in respondents' answer and Smith's reply brief.

**Ground 11**

Respondents also argue that some of Smith's appellate IAC claims are procedurally defaulted (ECF No. 52, pp. 14-15). However, none of the claims that they enumerate in the motion to dismiss are presented in the second-amended petition (*see* ECF No. 52 , p. 14; ECF No. 44, pp. 31-42).

**c. Waiver**

Respondents argue that Smith waived several subparts of grounds 10 and 11 because in some cases Smith may have referred back by ground number to previously-presented underlying substantive claims that were not presented in the second-amended petition (ECF No. 52, pp. 15-17). The court deems this an overly-technical, disingenuous argument, particularly when, in arguing waiver, respondents have again challenged some subparts that are not presented in the second-amended petition. The court also agrees with Smith that it is clear that in some instances he is incorporating the previously dismissed claims when setting forth the ineffective assistance of counsel claims in grounds 10 and 11. The court declines to hold that Smith has waived any subparts of grounds 10 and 11.

**d. Cognizability**

Respondents argue that grounds 12 and 13 fail to state a claim for which federal habeas relief may be granted (ECF No. 52, p. 17). A state prisoner is entitled to federal habeas relief only if he or she is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal

constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

**Ground 12**

Smith alleges that the cumulative effect of the errors he asserts violated his federal constitutional right to a fair trial (ECF No. 44, p. 43). Respondents argue that he fails to state a claim for which relief may be granted because he does identify with specificity the clearly established federal right violated (ECF No. 52, p. 17). This court concludes that ground 12, on its face, asserts a violation of Smith's Fourteenth Amendment right to a fair trial. Further, the Ninth Circuit Court of Appeals conducts cumulative error review in habeas cases. "[T]he fundamental question in determining whether the combined effect of trial errors violated a defendant's due process rights is whether the errors rendered the criminal defense 'far less persuasive' than it otherwise might have been, and thereby had a 'substantial and injurious effect or influence' on the jury's verdict." *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007) (internal citations omitted.). *See also Alcala v. Woodford*, 334 F.3d 862 (9th Cir. 2003) (holding cumulative impact of all of the errors in the case was more than sufficient to demonstrate prejudice and that as a result, the defendant was deprived of a fundamentally fair trial). Ground 12 states a cognizable claim insofar as it refers to claims still before this court.

**Ground 13**

Finally, Smith contends that the state district court violated his constitutional right to a neutral and detached magistrate when it adopted verbatim the State's proposed order denying his second state postconviction petition (ECF No. 44, pp. 43-45). Respondents point out that errors in post-conviction proceedings are not cognizable in federal habeas actions because they do not allege that the petitioner is in custody in violation of his federal constitutional rights. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th

Cir. 1989).[4] Accordingly, ground 13 is dismissed as noncognizable on federal habeas review.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' second motion to dismiss (ECF No. 52) is **GRANTED** in part as follows:

Grounds 6 and 9 are **DISMISSED** as procedurally barred.

A decision on ground 10 is deferred.

Ground 13 is **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that respondents shall have **60 days** from the date this order is entered within which to file an answer to the remaining claims in the first-amended petition.

**IT IS FURTHER ORDERED** that petitioner shall have **45 days** following service of respondents' answer in which to file a reply.

Dated: March 6, 2020.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

---

[4] Smith appears to acknowledge that ground 13 fails to state a claim as he does not address ground 13 in his opposition to the motion to dismiss (see ECF No. 74).